Order, Supreme Court, New York County (Judith J. Gische, J.), entered on or about October 2, 2012, which denied defendant’s motion for summary judgment, unanimously affirmed, without costs.
In finding that defendants failed to establish their entitlement to summary judgment, the court properly determined that the open facade area of defendants’ restaurant, used as a means of entrance and exit, was a door within the meaning of Administrative Code of the City of New York § 27-371 (h), and *601 that the step from the inside of the restaurant through the facade to the sidewalk, which exceeded 7V2 inches, violated the Administrative Code and was some evidence of negligence (see Sweeney v Bruckner Plaza Assoc., 57 AD3d 347, 348 [1st Dept 2008], appeal dismissed 12 NY3d 832 [2009]), warranting denial of defendant’s motion for summary judgment. Section 27-371 (h) does not apply only to “required” exits, as defendant’s expert opined, or to exits regularly used as exits, as defendants argue, but to “all” exits. It is uncontested that the facade area was used as an entrance/exit on the day of plaintiffs accident, and that the step exceeded the maximum height expressed in that section, PI2 inches. Nor is this conclusion altered by Administrative Code § 27-361, which requires that exits be clearly visible and “unobstructed at all times.” Although the facade area of the restaurant was not always open, this does not mean that it was “obstructed,” but simply closed. The intent of section 27-361 is clearly that an exit, when used as an exit, must be unobstructed. Moreover, even if an exit is found to be obstructed, section 27-361 does not mean that it is no longer an exit; it means only that the owner is in violation of the mandate to keep the exit unobstructed. Concur — Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ